Filed 5/28/25  P. v. Vargas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

  Plaintiff and Respondent,

v.

ABEL ANDREW VARGAS,

  Defendant and Appellant.

F087800

(Super. Ct. No. CR-23-006367)

**OPINION**

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Carrie M. Stephens, Judge.

Toni L. White, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P. J., De Santos, J. and Fain, J.[†]

[†]    Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appellate counsel for defendant Abel Andrew Vargas has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court. By letter dated March 19, 2025, we also invited defendant to submit additional briefing. Defendant has not filed a response.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of this case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

Defendant faced charges in two separate cases that were ultimately resolved together. On September 13, 2023, an information in case No. CR-23-006367 (case 6367), was filed charging defendant with robbery (Pen. Code,[1] § 211, a felony; count 1), and three counts of grand theft (§ 487, subd. (a), each a felony; counts 2–4). Enhancements alleging the personal use of a firearm (§ 12022.53, subd. (b)) and that defendant committed the crime while out on bail (§ 12022.1) were attached to count 1, as were two circumstances in aggravation (Cal. Rules of Court, rule 4.421(a)(3), (8)). Counts 2 and 3 also contained enhancing allegations stating defendant committed these crimes while he was out on bail.

---

[1] All further statutory references are to the Penal Code.

2

Separately, in case No. CR-23-8276 (case 8276), defendant was charged with one count of robbery with an enhancement again alleging the crime was committed while defendant was out on bail. The enhancement was later stricken.

After preliminary hearings had been conducted for each separate case, defendant made the decision to accept responsibility and enter a plea on January 18, 2024. Defendant entered an "open" no contest plea to all charges, enhancements and aggravating factors in case 6367, and an "open" no contest plea to a single count of robbery in case 8276. The only agreement expressed at the time defendant entered his plea was that the sentence in case 8276 would run concurrent to the sentence in case 6367.

A sentencing hearing was held on March 8, 2024. The trial court initially concluded defendant was ineligible for probation due to the use of firearms, as alleged in case 6367. (§ 12022.53, subd. (b).) The court then sentenced defendant to the middle term of three years for the robbery count in case 6367 and imposed concurrent two-year sentences for the three grand theft counts, which equaled one-third of the middle term sentences available for those crimes. A term of three years was also imposed, but made concurrent, for the robbery charged in case 8276. The court then imposed a consecutive four-year term for the enhancement alleged in case 6367, stating defendant used a firearm during the commission of the robbery (§ 12022.5, subd. (a)).[2] The court stayed the sentence for the out-on-bail enhancement attached to the robbery count in case 6367 (§ 12022.1). Custody credits were calculated, and various fines and fees were ordered along with restitution for both cases.

A notice of appeal was filed on March 25, 2024. A request for the issuance of a certificate of probable cause was denied on that same date.

---

[2]    This was a lesser sentence for the firearm use than originally alleged in the information under section 12022.53, subdivision (b), which would have been 10 years.

3

# FACTUAL SUMMARY

The facts supporting the pleas in both cases are found in their respective preliminary hearing transcripts, by stipulation of the parties.

## 1.     *Case 6367*

On June 8, 2023, L.D. met defendant in a parking lot to sell him a cell phone. While L.D. was showing defendant the phone, he took it out of her hand indicating he wanted to go to his car to get money and charge the phone.  Realizing defendant was intending to leave without paying her, L.D. tried to take a picture of defendant's car license plate with her phone but hesitated when defendant made a gesture she believed indicated he had a weapon.  Defendant then took off without paying for the phone.  L.D. testified she had recently purchased the cell phone for $1,100.00.

Detective Matthew Berlier, who had been assigned to investigate L.D.'s claims, testified that defendant eventually admitted to stealing the phone after being given his *Miranda*[3] rights.  However, defendant denied being armed with a gun at the time of the incident.

K.S. testified she was employed as a sales associate at a cell phone store on June 2, 2023.  K.S. stated a gentleman, who she identified as defendant, entered the store and asked to see a specific brand of cell phone.  When she brought out two cell phones to show him, defendant "snatched them out of [her] hands."  K.S. ran out of the store after defendant and took a picture of his car as he was driving away.  K.S. estimated the cell phones were worth $1,200 apiece.

On May 26, 2023, Officer Florencio Costales responded to an incident reported at a business located in a residential neighborhood.  An employee of the store had received a text from someone who wanted to sell a cell phone.  Soon, two males entered the store.

---

[3]     *Miranda v. Arizona* (1966) 384 U.S. 436.

4

As the employee was processing the transaction for the cell phone, one of the men grabbed a display case holding five cell phones and the two men then ran out of the store, leaving in an SUV model vehicle. The employee provided Costales with surveillance video and estimated the items taken had a value of $2,120.

Detective Gregory Booza identified defendant as a participant in the May 26, 2023, incident after comparing the surveillance video images with a picture of defendant from a field interview conducted several months earlier by the police department. Booza further testified that defendant could be seen on the video grabbing the display case and running out of the store.

## 2. *Case 8276*

X.Z., an employee at a massage parlor, testified that while she was working on January 29, 2022, four men came into the massage parlor and demanded money. One of the men was armed with a firearm. X.Z. testified she went to a drawer in the front of the massage parlor and gave one of the men the money against her will. As soon as she handed over the money, the men left the massage parlor. C.L., the owner of the massage parlor, testified he provided the police with surveillance video of the incident.

After viewing the surveillance video, D.S. identified defendant as one of the people involved in the massage parlor incident. D.S. knew defendant as her son's friend, who would often stay at their home.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.